Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| TRANSPORTE SONNELL, LLC<br><br>Parte Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO DE GUAYAMA<br><br>Parte Recurrida<br><br>SUPER AUTOMOTIVE PRODUCTS, INC., DBA SUPER GUARAGUAO INTERNATIONAL<br><br>Licitador Agraciado<br><br>MAS AUTO, LLC DBA AUTOCENTRO CHRYSLER Y AUTOS VEGA, INC.<br><br>Parte con interés | TA2026RA00313 | *Revisión Decisión Administrativa* procedente de la Junta de Subastas del Municipio de Guayama<br><br>Caso núm.: Subasta 26-024 Camión Ganchero con Garra (Grapper)<br><br>Sobre:<br>Solicitud de Cotizaciones para Adquisición de Equipos, Subasta 26-024 Camión Ganchero con Garra (Grapper) |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de junio de 2026.

El 11 de junio de 2026, Transporte Sonnell, LLC (la parte recurrente) presentó ante nos una *Revisión Administrativa* y una *Urgente moción en auxilio de jurisdicción* en la que solicitó que revoquemos y dejemos sin efecto, la notificación de adjudicación de subasta titulada *Solicitud de cotizaciones para adquisición de equipos Subasta 26-024 camión ganchero con garra (graper)* emitida y notificada el 2 de junio de 2026 por la Junta de Subastas del Municipio Autónomo de Guayama (la parte recurrida).[1]

---

[1] Apéndice de la Revisión Administrativa, Anejo 2.

En igual fecha, emitimos una *Resolución* en la que declaramos No Ha Lugar la *Urgente moción en auxilio de jurisdicción*.

Por los fundamentos que expondremos a continuación, confirmamos el dictamen recurrido.

**I.**

El caso de autos tuvo su origen cuando el 13 de febrero de 2026, la parte recurrida remitió un anuncio en el periódico Primera Hora sobre unas cotizaciones para la Adquisición de equipos de diversos equipos de carga pesada, en particular, un camión ganchero con *grapper*.[2]

Así las cosas, el 27 de abril de 2026, la Junta de Subastas se reunió para determinar quién sería el licitador de la subasta.[3]

Finalmente, el 2 de junio de 2026, la parte recurrida emitió la adjudicación de la subasta mediante un escrito titulado *Solicitud de cotizaciones para adquisición de equipos Subasta 26-024 camión ganchero con garra (graper)* en la que informó que el licitador agraciado fue Super Automotive Products, Inc. DBA Super Guaraguao International por la cuantía de $204,500.00.[4] La parte recurrida esbozó que, consideró las recomendaciones del Departamento de Obras Públicas Municipal, dependencia encargada de la utilización, operación y mantenimiento del equipo adquirido. Con ello, adujo que, había tenido buena experiencia con la compañía ganadora de la subasta con respecto a las operaciones, acceso a piezas, suplidores y servicios especializados. Aclaró que, aunque la oferta presentada por la parte recurrente era económicamente inferior, el Departamento de Obras Públicas Municipal manifestó su preocupación con respecto a la conveniencia operacional, la falta de disponibilidad de piezas, acceso de servicios de mantenimiento y piezas, los costos de mantenimiento y

---

[2] *Íd.*, Anejo 2.
[3] *Íd.*, Anejo 2.
[4] *Íd.*, Anejo 2.

reparación. Consecuentemente, ante la falta de disponibilidad de piezas y servicios, garantías y las recomendaciones del Departamento de Obras Públicas Municipal, determinó que la propuesta de la compañía agraciada representaba la mejor alternativa para los intereses municipales y públicos.

Inconforme, la parte recurrente presentó ante nos una *Revisión Administrativa* en la que formuló el siguiente señalamiento de error:

> Erró la Junta de Subastas al no adjudicar la subasta a Transporte Sonnell, LLC, quien presentó la oferta más responsiva y económica, y al justificarse su rechazo mediante fundamentos genéricos, estereotipados, contradictorios y carentes de evidencia técnica.

En cumplimiento con nuestra *Resolución*, el 17 de junio de 2026, la parte recurrida radicó un Alegato de la parte recurrida.

Con el beneficio de la comparecencia de las partes, procederemos a resolver el recurso ante nos.

**II.**

**A.**

El procedimiento de subastas gubernamentales está revestido del más alto interés público. *CD Builders v. Mun. Las Piedras*, 196 DPR 336, 343-344 (2016). En aras de lograr la más responsable, eficiente y adecuada inversión de los recursos del Estado, el gobierno central y los gobiernos municipales emplean los procedimientos de subasta como método para adquirir bienes y servicios[.]. *Municipio de Aguada v. W Construction, LLC*, 214 DPR 432, 453 (2024). Ante ello, debido a que las subastas gubernamentales acarrean el desembolso de fondos públicos, "la consideración primordial al momento de determinar quién debe resultar favorecido en el proceso de adjudicación de subastas debe ser el interés público en proteger los fondos del pueblo de Puerto Rico." *Cordero Vélez v. Municipio de Guánica*, 170 DPR 237, 245 (2007). El mecanismo de la subasta promueve que se protejan los

intereses del Pueblo puesto que procuran obtener "los precios más económicos; evitar el favoritismo, la corrupción, el dispendio, la extravagancia y el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento". *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 994 (2009); *Municipio de Aguada v. W Construction, LLC, supra*, pág. 454. Cualquier controversia relacionada a la subasta debe dirimirse en beneficio del interés público. *Municipio de Aguada v. W Construction, LLC, supra*, pág. 454. El procedimiento de la subasta formal consiste en diversas etapas las cuales son: "(1) la preparación de los pliegos de condiciones y especificaciones; (2) la publicación del aviso de subasta; (3) el recibo de las propuestas selladas y su posterior apertura pública; (4) la evaluación y el estudio de las propuestas por el comité evaluador de la agencia; (5) la recomendación del comité respecto a la adjudicación de la buena pro; (6) la adjudicación de la subasta, y (7) la notificación a los licitadores". *Municipio de Aguada v. W Construction, LLC, supra*, pág. 455.

Así, el *Código Municipal de Puerto Rico*, Ley Núm. 107 de 13 de agosto de 2020, según enmendada, 21 LPRA sec. 7002, *et. seq* (Ley Núm. 107-2020) y el *Reglamento para la Administración Municipal de 2016*, Reglamento Núm. 8873 del 19 de diciembre de 2016 (Reglamento Núm. 8873) regulan lo relacionado a las subastas. *Municipio de Aguada v. W Construction, LLC, supra*, pág. 455. Los citados estatutos facultan a las juntas de subastas municipales como organismos encargados de adjudicar las subastas considerando la "habilidad, responsabilidad económica, reputación e integridad comercial del licitador, así como el cumplimiento con las especificaciones, los términos de entrega y cualesquiera otras condiciones que se hayan incluido en el aviso de subasta". *Municipio de Aguada v. W Construction, LLC, supra*, pág. 456.

En lo pertinente, el Art. 2.040 de la Ley Núm. 107-2020, supra sec. 7216, establece que:

a. Criterios de adjudicación — Cuando se trate de compras, construcción o suministros de servicios, la Junta adjudicará a favor del postor razonable más bajo. En el caso de ventas o arrendamiento de bienes muebles e inmuebles adjudicará a favor del postor más alto. La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.

**La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público. En este caso, la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación.**

La adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo, o mediante correo electrónico, si así fue provisto por el licitador o licitadores. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. **La Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta.** Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones, de conformidad con el Artículo 1.050 de este Código.

(Énfasis nuestro).

Cónsono con lo anterior, la Sección 13 de la Parte II del Reglamento Núm. 8873, *supra*, dispone que:

(1) Una vez la Junta haya seleccionado el licitador o los licitadores que obtuvieran la buena pro de la subasta, se preparará una minuta donde se hará constar las proposiciones recibidas y el otorgamiento de la subasta incluyendo todos los pormenores de la adjudicación. Los originales deberán ser conservados en un libro de actas bajo la custodia de la Junta de Subastas.

(2) La decisión final de la Junta se notificará por escrito y por correo certificado con acuse de recibo, a todos los licitadores que participaron en la subasta y será firmada por el Presidente de la Junta. No se adelantará a licitador alguno, información oficial sobre los resultados de la adjudicación, hasta tanto la Junta le haya impartido su aprobación final.

(3) La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:
a) nombre de los licitadores;
b) síntesis de las propuestas sometidas;
**c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;**
d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación; e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.

(4) Ante la posibilidad de alguna impugnación de una adjudicación en una subasta, no se formalizará contrato alguno hasta tanto transcurran diez (10) días contados desde el depósito en el correo de la notificación del acuerdo final o adjudicación. La anterior prohibición aplicará aún en los casos de subastas en las cuales participó un solo licitador.
Transcurrido el término de los diez (10) días de la notificación o adjudicación, el municipio otorgará el contrato escrito, con los requisitos de Ley aplicables y conforme el Capítulo de Contratos Municipales de este Reglamento.

(Énfasis nuestro).

La decisión de una Junta se notificará por escrito y por correo certificado con acuse de recibo a todos los licitadores que participaron de la subasta. *Puerto Rico Eco Park, Inc. v. Municipio de Yauco (Junta de Subastas)*, 202 DPR 525, 536 (2019). La notificación de adjudicación de una Junta se enviará a todos los licitadores y debería contener la siguiente información:

a) nombre de los licitadores;
b) síntesis de las propuestas sometidas;
c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;
d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación;
e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.
(4) Ante la posibilidad de alguna impugnación de una adjudicación en una subasta, no se formalizará contrato alguno hasta tanto transcurran diez (10) días contados desde el depósito en el correo de la notificación del acuerdo final o adjudicación. La anterior prohibición aplicará aún en los casos de subastas en las cuales participó un solo licitador.
Transcurrido el término de los diez (10) días de la notificación o adjudicación, el municipio otorgará el contrato escrito, con los requisitos de Ley aplicables y conforme el Capítulo de Contratos Municipales de este Reglamento. Sección 13 del

Capítulo VIII, Parte II del Reglamento Núm. 8873, *supra*; *Puerto Rico Eco Park, Inc. v. Municipio de Yauco (Junta de Subastas), supra*, págs. 537-538; *Puerto Rico Asphalt, LLC v. Junta de Subastas del Municipio de Naranjito*, 203 DPR 734, 739 (2019).

La notificación de la adjudicación de una subasta debe estar debidamente fundamentada debido a que, si el licitador que resultó no agraciado desconoce, el trámite de la revisión judicial seria fútil. *Puerto Rico Asphalt, LLC v. Junta de Subastas del Municipio de Naranjito, supra*, pág. 741. En la notificación de la subasta se requiere fundamentos que justifiquen su determinación, aunque sea breve, sucinta o sumaria. *Transporte Rodríguez v. Jta. Subastas*, 194 DPR 711, 712 (2016).

### III.

En el caso de autos, la parte recurrente argumentó que, la parte recurrida erró en no adjudicarle la subasta toda vez que presentó la oferta más económica y fundamentar su rechazo en fundamentos genéricos.

Conforme las normas jurídicas pormenorizadas, las subastas están revestidas de un alto interés público. Lo anterior, responde a que se emplean fondos públicos para la compra de los bienes sujetos de la subasta. El procedimiento de subasta es el método adecuado para que los Municipios puedan adquirir bienes con tal de hacer una inversión efectiva y a tenor con los intereses municipales y públicos. En lo pertinente, el Art. 2.040 de la Ley Núm. 107-2020, *supra*, estatuye que, cuando la Junta de Subastas emita su adjudicación debe esbozar los fundamentos por los cuales eligió al licitador agraciado. Igualmente, en dicha misiva la Junta de Subastas debe fundamentar las razones por las que los demás licitadores no resultaron agraciados. En adición, debe formular los factores que se tomaron en consideración para la determinación en elegir al licitador agraciado. Sección 13 de la Parte II del Reglamento Núm. 8873, *supra*. En esa línea, tiene que redactar los factores que

incidieron en la denegatoria de los otros licitadores. Es menester señalar que, la Junta de Subastas tiene la potestad de elegir un licitador que haya presentado una oferta menor a la elegida, si responde a los intereses públicos que persigue obtener el Municipio o el gobierno central. Con respecto al contenido del aviso de una subasta, debe tener la siguiente información: el nombre de los licitadores, síntesis de las propuestas sometidas, los factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos, término para acudir ante este Tribunal de Apelaciones y la fecha de archivo en auto de la copia de la notificación. *Puerto Rico Asphalt, LLC v. Junta de Subastas del Municipio de Naranjito, supra*, pág. 740.

Tras un examen del expediente ante nos, resolvemos que debemos confirmar el dictamen recurrido.

En primer lugar, se desprende de la notificación de adjudicación que, constan los nombres de los licitadores, un resumen de las cantidades ofertadas por los licitadores e información relacionada a la subasta, los factores que se tomaron en consideración para adjudicar la subasta, las razones por las que no se le adjudicó a los licitadores perdidosos, advertencia sobre el término para acudir ante este Tribunal de Apelaciones y la fecha de archivo en auto de la copia de la notificación y fecha para impugnar la subasta ante esta Curia.[5]

En segundo lugar, la parte recurrida tiene la discreción de elegir una oferta mayor o menor, en comparación con las demás ofertas presentadas, si responde a los intereses del Municipio y las razones por las que resultó ser beneficiosa. Por tanto, la parte recurrida podía elegir una oferta mayor a la sometida por la parte recurrente.

---

[5] *Véase, Puerto Rico Asphalt, LLC v. Junta de Subastas del Municipio de Naranjito, supra*, pág. 740.

Surge de la notificación de adjudicación que, la parte recurrida no eligió a la parte recurrente ante la falta de disponibilidad de piezas, servicios de mantenimiento, duración, costos de mantenimiento. Es decir, la parte recurrida razonó que, la accesibilidad en obtener piezas, el mantenimiento y no tener conveniencia operacional con la unidad propuesta incidió en su elección. Resaltamos que, la determinación de la parte recurrida en elegir otro licitador fue cimentada en las recomendaciones del Departamento de Obras Públicas Municipal. Pese a que, la parte recurrida expresó que, carecía de tener "experiencia operacional" con respecto a los vehículos ofertados por la parte recurrente, esta determinó que no fue el factor determinante para descartar a la parte recurrente como la licitadora agraciada. Denotamos que, contrario a lo alegado por la parte recurrente, la parte recurrida no formuló factores generales puesto que expresó los fundamentos por los cuales la parte recurrente no resultó en ser la licitadora agraciada. El Tribunal Supremo ha resuelto que, los fundamentos a los licitadores perdidosos pueden ser de forma sucinta, breve o sumaria.

A la luz de los fundamentos esbozados, nos resulta forzoso concluir que, la parte recurrida tiene la potestad de elegir una oferta mayor o menor que las otras ofertas presentadas en una subasta. En adición, la parte recurrida formuló de forma explícita las razones por las que no eligió a la parte recurrente como licitadora agraciada.

**IV.**

Por los fundamentos que anteceden, confirmamos la determinación recurrida.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones